(15 App. Div. 424.)

## DAVIDOW v. AUERBACH.

(Supreme Court, Appellate Division, First Department. March 19, 1897.)

PLEADING—BILL OF PARTICULARS—ACTION FOR SLANDER.

Plaintiff in an action for slander spoken in the presence of his fiancée and "divers other persons, friends and relatives" of hers, will not be required to furnish a bill of particulars giving the names of such other persons, friends, and relatives.

Appeal from special term, New York county.

Action by Morris J. Davidow against A. Leopold Auerbach for slander. The complaint alleged that plaintiff was 26 years old, and resided in the city of Scranton, Pa., and had been engaged in business in Scranton and Wilkesbarre; that during that time he had been a person of good repute, both socially and in business; that on or about February 18, 1896, he became engaged to Lillian Stone, a daughter of Fannie Stone, a widow, who had a life estate in real and personal property amounting to $250,000, one-half of which at her death would go to said Lillian Stone, and the other half to said Lillian's sister, Fannie (defendant's wife); that, at or about the time plaintiff became engaged to said Lillian Stone, defendant fraudulently, maliciously, and with intent to injure plaintiff and to break off his engagement with said Lillian Stone, and to prevent his marrying her, stated in the presence and hearing of said Fannie Stone (defendant's wife) and Lillian Stone and divers other persons, friends and relatives of the said Fannie Stone, of and concerning plaintiff, the false and defamatory words complained of. From an order requiring plaintiff to furnish a bill of particulars, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Wales F. Severance, for appellant.

David E. Grossman and Moses Esberg, for respondent.

PER CURIAM. The complaint contains two causes of action,— one for slander and the other for libel. Upon refusal to comply with a demand, the plaintiff was required by the order appealed from to furnish a bill of particulars, before answer, of the place or places where the alleged slander mentioned in the first cause of action took place or was published; the names of the "divers other persons, friends and relatives," referred to in the first cause of action; the place where the alleged libel referred to in the second cause of action was published, and the date of publication; and the names of any persons to whom such alleged libel was published. The motion was granted upon the complaint and the affidavit of the defendant alone, in which there was no denial of the charges of the complaint, but the following allegation of ignorance as to the matters charged:

"That deponent has no knowledge or information of the divers other persons. friends and relatives of the said Fannie Stone, referred to aforesaid, nor of the names of the persons to whom plaintiff claims, or may claim, that the allegel libel aforesaid was published."

Apart from the question of delay in moving, and the good faith of the application, which is assailed, we think the moving affidavit was entirely insufficient, and that the particulars asked for were not necessary to enable defendant to interpose an answer. Except upon facts showing necessity therefor, it is not usual to re-

quire a plaintiff to furnish a bill of particulars before joinder of issue. We do not think that any such showing was made, or that the defendant required the particulars sought for the purpose of answering. The motion should therefore have been denied.

The order is accordingly reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

(15 App. Div. 426.)

FANDEL v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department. March 19, 1897.)

STREET RAILROADS—INJURIES TO PASSENGER CROSSING TRACK—EVIDENCE.

Plaintiff was struck by defendant's cable car while she was attempting to cross the track. At the place of the accident there were two cars in each block, so that it was necessary for persons crossing the street to pass a short distance in front of approaching cars. Plaintiff testified that she saw the car, and thought that she could cross before it reached her. She also testified, with several corroborating witnesses, that she was on a cross walk at the time of the accident, and that the speed of the car was suddenly increased just before it reached her, but this evidence was contradicted by defendant's witnesses. *Held*, that a finding of negligence and freedom from contributory negligence was sustained by the evidence.

Ingraham and Patterson, JJ., dissenting.

Appeal from trial term, New York county.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.